OPINION
{¶ 1} Plaintiff-appellant Donald Burge appeals the March 16, 2005 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, imposing his previously suspended sentence from the trial court's finding him in indirect civil contempt of various orders contained in the decree of divorce from defendant-appellee Kimberly Burge.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 6, 2002, the trial court issued a Decree of Divorce stipulated to by the parties. On November 12, 2003, appellee filed a motion in contempt with the trial court alleging appellant, pursuant to the terms of the decree of divorce: failed to maintain health insurance coverage for appellee for one year; failed to return certain personal property to appellee; failed to pay appellee a lump sum payment, as and for her property interest, within one year; failed to pay appellee attorney fees in the amount of $2,500; failed to pay spousal support by direct payment to appellee, or her assignee, the sum of $2,500, as and for attorney fees incurred in the divorce proceeding; and failed to pay 100% of appellee's medical expenses incurred through July 11, 2002.
 {¶ 3} On February 5, 2004, via Magistrate's Decision, the magistrate recommended appellant be found in indirect civil contempt of the August 6, 2002 divorce decree. The magistrate recommended appellant's sentence be suspended and appellant be afforded an opportunity to purge the contempt by reimbursing appellee the sum found to be owed to her under the terms of the divorce decree at a rate of $200 per month, by reimbursing appellee her reasonable and necessary legal fees in the amount of $750 within 90 days, and by reimbursing appellee the full amounts of the judgment granted at a rate of $250 per month.
 {¶ 4} Appellant filed objections to the Magistrate's Decision.
 {¶ 5} On July 22, 2004, via Judgment Entry, the trial court found appellant in indirect civil contempt for failing to comply with the terms of the divorce decree. Pursuant to the first branch of the contempt motion the trial court found appellant failed to comply with the decree requirements relating to appellant's obligation to maintain COBRA health insurance coverage for appellee for a period of one (1) year from the filing date of the divorce decree. The trial court sentenced appellant to 30 days incarceration, suspending the sentence provided appellant purge the contempt by reimbursing appellee the sum of all uninsured medical costs up to August 6, 2003, by paying appellee a minimum of $16,292.54 within 45 days, and reimbursing appellee reasonable and necessary legal fees in the amount of $750.00 within 30 days.
 {¶ 6} With regard to the second branch, the trial court found appellant failed to comply with the terms of the divorce decree relating to returning certain items of personal property to appellee. The trial court sentenced appellant to one day incarceration, and awarded judgment in favor of appellee against appellant in the amount of $450.00 for the value of said items. The trial court ordered appellant could purge the contempt by paying appellee within 30 days.
 {¶ 7} On the third branch, the trial court found appellant in contempt regarding his obligation to pay $3500.00 as and for appellee's property interest. The trial court sentenced appellant to seven days to be served concurrently with the thirty day sentence imposed under Branch One. The trial court reduced the sentence by appellant's previous $1000.00 payment, and suspended the sentence provided appellant pay appellee the remaining principal and interest within 30 days.
 {¶ 8} With regard to the fourth branch, the trial court found appellant failed to comply with his obligation to pay $2500.00 as and for spousal support, representing appellee's attorney fees in the divorce. The court sentenced appellant to seven days incarceration to be served concurrently with the thirty day sentence imposed under Branch One, and suspended the sentence provided appellant pay appellee the $2500.00 within 30 days
 {¶ 9} On the fifth branch, the trial court found appellant failed to comply with his obligation to pay 100 percent of appellee's medical expenses incurred through July 11, 2002. The court sentenced appellant to thirty days incarceration concurrent with the sentence imposed under Branch One, and suspended the sentence provided appellant comply with the provisions of Branch One.
 {¶ 10} On the sixth branch, the trial court awarded appellee reasonable and necessary legal fees to prosecute the contempt motion in the amount of $750.00.
 {¶ 11} On September 13, 2004, appellee filed a motion in contempt, alleging appellant failed to abide by the terms of the July 22, 2004 Judgment Entry. On September 15, 2004, the trial court, via Journal Entry, ordered appellant to appear to show cause why he should not be punished for his failure to abide by the prior orders.
 {¶ 12} On October 6, 2004, appellant filed a notification of filing bankruptcy and suggestion of stay, maintaining he filed a Chapter 13 Bankruptcy proceeding on September 3, 2004.
 {¶ 13} On December 15, 2004, the trial court ordered appellant to appear for a hearing to impose sentence. The hearing was held March 16, 2005, and, via Judgment Entry, the trial court imposed appellant's suspended sentence.
 {¶ 14} Appellant now appeals the March 16, 2005 Judgment Entry assigning as error:
 {¶ 15} "I. THE TRIAL COURT ERRED BY CONDUCTING CONTEMPT PROCEEDINGS AND IMPOSING A JAIL SENTENCE AGAINST THE APPELLANT IN VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362.
 {¶ 16} "II. THE ACTIONS OF THE TRIAL COURT VIOLATED THE DUE PROCESS RIGHTS OF THE APPELLANT, AND VIOLATED THE REQUIREMENTS OF OHIO LAW APPLICABLE TO CRIMINAL CONEMPT PROCEEDINGS.
 {¶ 17} "III. THE DECISION OF THE TRIAL COURT WAS NOT SUPPORTED BY THE EVIDENCE ADMITTED AT THE HEARING."
 {¶ 18} Appellant's first and third assignments of error raise common and interrelated issues; therefore, we will address the assignments of error together.
 {¶ 19} Appellant maintains the trial court erred in imposing his suspended sentence in violation of the automatic stay proceedings of 11 U.S.C. Section 362. We disagree.
 {¶ 20} As stated above, the trial court magistrate found appellant in indirect civil contempt of the divorce decree, via Magistrate's Decision, on February 5, 2004. Appellant filed objections, and on July 22, 2004, via Judgment Entry, the trial court found appellant in contempt of the provisions of the August 6, 2002 divorce decree. Therefore, upon review, the trial court's finding appellant in contempt occurred well before his September 3, 2004 bankruptcy filing and his October 6, 2004 notification of the same with suggestion of stay. The trial court suspended appellant's sentence imposed on the contempt finding providing appellant an opportunity to purge, which appellant failed to do.
 {¶ 21} According to the trial court's July 22, 2004 Judgment Entry, the court afforded appellant 30 days, or until August 21, 2004, to pay appellee reasonable and necessary legal fees, $450 representing the value of personal property owed to appellee, $2500 representing appellee's remaining property interest, and $2500 as and for spousal support representing appellee's attorney fees incurred in the divorce proceeding. Appellant was afforded 45 days, or until September 5, 2004, to reimburse appellee the sum of $16,292.54 in unpaid medical expenses.
 {¶ 22} Upon review of the above, the trial court found appellant in contempt of the August 6, 2002 divorce decree on July 22, 2004, and suspended appellant's sentence affording him the opportunity to purge the contempt by paying appellee certain sums on or before August 21, 2004. Appellant does not dispute he failed to pay the sums due as provided in the Judgment Entry. Further, appellant did not file for bankruptcy until September 3, 2004, well after the deadline for his opportunity to purge had expired. Accordingly, the trial court did not err in imposing appellant's suspended sentence arising from the prior finding of indirect civil contempt despite appellant's subsequent bankruptcy filing and suggestion of stay.
 {¶ 23} Appellant further maintains the trial court's finding him in indirect civil contempt of the August 6, 2002 divorce decree and subsequent imposition of his suspended sentence was not supported by the evidence. Again, we disagree.
 {¶ 24} Initially, we note appellant did not file a transcript of the proceedings in this matter. Rather, on April 28, 2005, appellant filed a statement of the evidence of proceedings pursuant to Ohio Appellate Rule 9(C). On May 10, 2005, the trial court filed its statement of proceedings. The issue before the trial court upon appellee's motion for contempt was simply whether or not appellant complied with the divorce decree by paying appellee the monies due pursuant to the same. Appellant did not dispute he failed to pay the monies owed; therefore, the trial court did not require additional evidence to support its finding appellant in indirect contempt.
 {¶ 25} Upon review, the trial court found appellant in contempt of the August 6, 2002 divorce decree for willfully failing to comply with the requirements of the same. The contempt finding occurred and the opportunity to purge expired before
appellant filed bankruptcy. Accordingly, as a result of his failure to abide by the purge orders, the trial court imposed appellant's suspended sentence.
 {¶ 26} Appellant's first and third assignments of error are overruled.
 II {¶ 27} In the second assignment of error, appellant argues the trial court violated his due process rights applicable to criminal contempt proceedings.
 {¶ 28} Upon review of the record, the trial court found appellant in indirect civil contempt of the August 6, 2002 divorce decree. The trial court suspended appellant's sentence affording him an opportunity to purge the contempt by paying appellee certain sums within definite time limits. Appellant's failure to purge does not convert the trial court's finding him in indirect civil contempt to an action for criminal contempt merely based upon the court's imposing his previously suspended sentence.
 {¶ 29} Accordingly, appellant's second assignment of error is overruled.
 {¶ 30} The March 16, 2005 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed.
Hoffman, J., Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed. Costs assessed to appellant.